UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHAVONSKI SHIPMAN,

        Plaintiff,

v.                                  Case No. 3:16-cv-1404-J-34JRK

C/O LISTER,

        Defendant.

**ORDER**

**I. Status**

Plaintiff Shavonski Shipman, an inmate of the Florida penal system, initiated this action on November 7, 2016, by filing a Civil Rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. On January 26, 2017, Shipman filed an Amended Complaint (AC; Doc. 4) with exhibits (P. Ex.; Doc. 7). In the AC, Shipman names Lister, a correctional officer at Suwannee Correctional Institution Annex (SCIA), as the Defendant.[1] He asserts that Lister violated his right to be free from cruel and unusual punishment when he punched Shipman's left arm. As relief, Shipman seeks compensatory and punitive damages as well as declaratory relief. See AC at 6-7.

---

[1] Shipman also named Major Brannon. See AC at 1, 3. On February 8, 2018, the Court granted Plaintiff's Motion for Voluntary Dismissal, and dismissed Brannon from the action. See Order (Doc. 32).

Before the Court is Defendant Lister's Motion to Dismiss (Motion; Doc. 27). The Court advised Shipman that granting a motion to dismiss would be an adjudication of the case that could foreclose subsequent litigation on the matter, and gave him an opportunity to respond to the Motion. See Order (Doc. 11). Shipman filed a response in opposition to the Motion. See Reply to Defendant's Motion to Dismiss (Response; Doc. 29). Accordingly, this matter is ripe for review.

## II. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough

facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the

court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[2] (quoting GJR Invs., Inc. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 706).

### III. Plaintiff's Assertions[3]

Shipman asserts that he reported to Defendant Lister at the SCIA movement control tower for his work assignment on the morning of May 26, 2016. See AC at 6. He states that he showed his Florida Department of Corrections (FDOC) inmate identification card (ID) and work assignment card to Lister. See id. Shipman avers that Lister told him that he wanted trash-squad orderlies only. See id.

---

[2] "Although an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[3] The AC is the operative pleading. In considering a motion to dismiss, the Court must accept all factual allegations in the AC as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Miljkovic v. Shafritz and Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (quotations and citations omitted). As such, the recited facts are drawn from the AC and may differ from those that ultimately can be proved. Additionally, because this matter is before the Court on a motion to dismiss filed by Defendant Lister, the Court's recitation of the facts will focus on Shipman's allegations as to Lister.

He maintains that he showed Lister his ID and work assignment card again and told Lister he was an inside-grounds orderly reporting for trash-squad duties. See id. Shipman describes how his encounter with Lister unfolded.

> Lister struck Shipman by punching his left-arm and told Shipman "put that sh[*]t in my face again, I'll kick your ass all over this compound," then asked, "you ain't got nothing to say?" Shipman did not respond to this question.

Id. He states that he filed an informal grievance that same day. See id. According to Shipman, he reported the "pain and swelling that he was experiencing with his left-arm" to staff and requested to see medical personnel, but was denied treatment. See id. In a June 3, 2016 request for administrative remedy or appeal, he described what transpired that day.

> On May 26, 2016 between 8:30 and 9:00 am, I was called for AM orderly and upon going to my job assignment, I was met by Officer Lister. He told me trash squad only and I said I have a badge that says inside grounds trash squad orderly, with my name and DC# on it. I showed it to him, he then (hit me on my arm) and told me if you put that sh[*]t in my face again, I will kick your ass all over this compound. He asked me you ain't got nothing to say[.] I continued to keep my mouth closed. He then told me to get my f[*]cking ID and get the f[*]ck out [of] his face and I said yes sir and walked off. As I got to the ISG (inside grounds) shop I saw Capt. Brannon[.] I told him what incident that just occurred[.] He said you done have to go to D dorm (confinement), so he called someone on the radio to lock me up. One of my witnesses told me to get his name[.] I said I got it[.] Capt. Brannon stated I see why he hit you, you don't

5

> listen. Upon Sergt. Batens['] arrival, he then place[d] me in handcuffs. The captain told him I was getting locked up for staff battery. Capt. Brannon stated good luck back there you gonna be back there for awhile, cause the camera up there don't work.

P. Ex. 1.

### IV. Summary of Arguments

Defendant Lister maintains that Shipman is not entitled to compensatory and punitive damages under 42 U.S.C. § 1997e(e) because "the only injury [Shipman] states that he suffered was 'pain and swelling' in his left arm." Motion at 4, 3-6. He also states that Shipman does not request nominal damages in the Complaint, and therefore, is not entitled to nominal damages. See id. at 7-8. Additionally, Lister argues that he is entitled Eleventh Amendment immunity. See id. at 8. Shipman opposes Lister's Motion, and asserts that he is entitled to compensatory and punitive damages for the pain and swelling, and should have an opportunity to let a jury decide whether the alleged injuries are de minimis or not. See Response at 2-5. Additionally, as to Lister's Eleventh Amendment immunity argument, Shipman states that he is suing Lister in his individual capacity. See id. at 5-6. Next, Shipman asks that the Court "infer" a nominal damages request from "the general nature" of the Complaint, or in the alternative, permit him to amend his Complaint "to state a general claim for nominal damages." Id. at 6.

## V. Discussion

### A. Eleventh Amendment

To the extent Defendant asserts that he is entitled to Eleventh Amendment immunity, this Court agrees.

> The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It is well established that, in the absence of consent, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Papasan v. Allain, 478 U.S. 265, 276, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (quotation omitted). The Eleventh Amendment also prohibits suits against state officials where the state is the real party in interest, such that a plaintiff could not sue to have a state officer pay funds directly from the state treasury for the wrongful acts of the state. Summit Med. Assocs., P.C. v. Pryor, 180 F.3d 1326, 1336 (11th Cir. 1999). . . .

Hayes v. Sec'y, Fla. Dep't of Children & Families, 563 F. App'x 701, 703 (11th Cir. 2014) (per curiam).

In Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986) (per curiam), the Eleventh Circuit noted:

> It is clear that Congress did not intend to abrogate a state's eleventh amendment immunity in section 1983 damage suits. Quern v. Jordan, 440 U.S. 332, 340-45, 99 S.Ct. 1139, 1144-45, 59 L.Ed.2d 358 (1979). Furthermore, after reviewing specific provisions of the Florida statutes, we recently concluded that Florida's limited waiver of sovereign immunity was not intended

to encompass section 1983 suits for damages. See Gamble,[4] 779 F.2d at 1513-20.

Accordingly, in Zatler, the court found that the FDOC Secretary was immune from suit in his official capacity. Id. Insofar as Shipman may be seeking monetary damages from Defendant in his official capacity, the Eleventh Amendment bars suit. Therefore, Defendant's Motion is due to be granted as to Shipman's claim for monetary damages from him in his official capacity.

### B. Physical Injury Requirement
### 42 U.S.C. § 1997e(e)

Next, the Court turns to Shipman's claims against Lister in his individual capacity. In Brooks v. Warden, 800 F.3d 1295 (11th Cir. 2015), the Eleventh Circuit Court of Appeals addressed the availability of compensatory and punitive damages as well as nominal damages in suits brought by prisoners under § 1983. The Eleventh Circuit has stated:

> [Plaintiff]'s claim, however, is further governed by the Prison Litigation Reform Act of 1995 [(PLRA)], Pub.L. No. 104-134, §§ 802-10, 110 Stat. 1321, 1366-77 (1996). The PLRA places substantial restrictions on the judicial relief that prisoners can seek, with the goal of "reduc[ing] the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." Al-Amin v. Smith, 637 F.3d 1192, 1195 (11th Cir. 2011) (quoting Napier v. Preslicka, 314 F.3d 528, 531 (11th

---

[4] Gamble v. Fla. Dep't of Health & Rehab. Serv., 779 F.2d 1509 (11th Cir. 1986).

> Cir. 2002)). The section of the Act at issue here, 42 U.S.C. § 1997e(e), reads this way:
>
>> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act....
>
> This Court has held that § 1997e(e) applies to all federal civil actions, including constitutional claims brought under § 1983. See Harris v. Garner (Harris II), 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)....
>
> In this case, [Plaintiff] did not allege any physical injury . . . . Nevertheless, he sought "compensatory . . . punitive, and nominal damages" from [Defendant]. **Under the statute and our caselaw, an incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than de minimis) physical injury.** See Al-Amin, 637 F.3d at 1198 (punitive); Harris v. Garner (Harris I), 190 F.3d 1279, 1286 (11th Cir. 1999) (compensatory), reh'g en banc granted and opinion vacated, 197 F.3d 1059 (11th Cir. 1999), opinion reinstated in relevant part, 216 F.3d 970. However, we have never had the opportunity in a published opinion to settle the availability of nominal damages under the PLRA. We do today, and we hold that nothing in § 1997e(e) prevents a prisoner from recovering nominal damages for a constitutional violation without a showing of physical injury.

Brooks, 800 F.3d at 1307-08 (emphasis added).

To satisfy § 1997e(e), a prisoner must assert physical injury that is more than de minimis, but the injury does not need to be significant. See Thompson v. Sec'y, Fla. Dep't of Corr., 551 F.

9

App'x 555, 557 (11th Cir. 2014) (citation omitted); Dixon v. Toole, 225 F. App'x 797, 799 (11th Cir. 2007). Despite § 1997e(e)'s limitation, successful constitutional claimants who lack a physical injury may still recover nominal damages. See Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003) ("Nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages."). Further, the Eleventh Circuit has instructed courts to dismiss an inmate's compensatory and punitive damages claims under § 1997e(e) without prejudice to allow an inmate to refile when and if the inmate is released. See Harris v. Garner, 216 F.3d 970, 980 (11th Cir. 2000).

**1. Compensatory and Punitive Damages**

Taking Shipman's allegations as to his injury as true, he is not entitled to compensatory and punitive damages because he fails to assert sufficient physical injury. The injury that Shipman complains of is pain and swelling, allegedly the result of Lister hitting his arm. "In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2002). Here, Shipman's slight, tolerable, and non-lasting arm discomfort, without more, does not cross § 1997e(e)'s de minimis threshold. See Thompson, 551 F. App'x

at 557 n.3 (describing an approach of asking whether the injury would require a free world person to visit an emergency room or doctor) (citing Luong v. Hatt, 979 F. Supp. 481, 486 (N.D. Tex. 1997) ("A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks.")); Mann v. McNeil, 360 F. App'x 31, 32 (11th Cir. 2010) (per curiam) (affirming the district court's sua sponte dismissal of the complaint for failure to state a claim under the Eighth Amendment because plaintiff's asserted injuries "amount to de minimis physical injuries" (vague back injuries and scrapes and marks on his knees and legs)). Thus, Defendant Lister's Motion is due to be granted to the extent that the Court finds Shipman's request for compensatory and punitive damages is precluded under § 1997e(e) because he did not suffer a physical injury that is greater than de minimis.

### 2. Nominal Damages

Shipman acknowledges that he has not expressly requested nominal damages. See Response at 6. Thus, the Court turns to Shipman's request that the Court "infer" a nominal damages request from "the general nature" of the Complaint. Id. Notably, complaints which have been liberally construed to include a request for nominal damages or equitable relief contain phrases requesting

additional relief ("such other relief as may appear that plaintiff is entitled," or "any other relief the court deems appropriate or just" or similar language). See Boxer X v. Donald, 169 F. App'x 555, 559 (11th Cir. 2006); Smith v. Barrow, No. CV 311-044, 2012 WL 6519541, at *5 (S.D. Ga. Nov. 9, 2012), report and recommendation adopted as modified by, 2012 WL 6522020 (S.D. Ga. Dec. 13, 2012). The Court finds that Shipman has not included language that can be construed as a request for nominal damages.

Alternatively, Shipman requests that the Court permit him to amend his Complaint "to state a general claim for nominal damages." Response at 6. Preliminarily, the Court notes that a request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in a response to a motion. See Fed. R. Civ. P. 7(b); see also Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.") (quoting Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999)).

Moreover, even if it were proper to include this request in the Response, the request is otherwise due to be denied for failure to comply with Local Rule 3.01(a), United States District Court, Middle District of Florida (Local Rule(s)). Local Rule 3.01(a) requires a memorandum of legal authority in support of a request from the Court. See Local Rule 3.01(a). In addition to the

deficiency under the Local Rules, the request in the Response also fails to satisfy the requirement that "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999); see also McGinley v. Fla. Dep't of Highway Safety and Motor Vehicles, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment); United States ex. rel. Atkins v. McInteer, 470 F. 3d 1350, 1361-62 (11th Cir. 2006) (same). Thus, the Court will not entertain Shipman's request for relief included in the Response. The Court advises that, if he wishes to pursue such relief, he is required to file an appropriate motion in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

### 3. Declaratory Relief

Defendant Lister urges that the Court dismiss the Complaint in its entirety without prejudice. See Motion at 8-9. However, Shipman requests declaratory relief. See Complaint at 6-7 ("[g]ranting Shipman a declaration that the acts and omissions described herein violated his rights, which are protected by the U.S. Constitution"). Section 1997e(e)'s limitation on remedies does not impair a prisoner's right to seek declaratory relief for constitutional violations. See Hughes, 350 F.3d at 1162 n.4 (citation omitted); Mann, 360 F. App'x at 32 (citation omitted).

Shipman is not precluded from pursuing a claim for declaratory relief at this stage of the proceedings. Therefore, Defendant's Motion to dismiss the Complaint in its entirety is due to be denied. Shipman may proceed on his Eighth Amendment claim for declaratory relief against Defendant Lister.

In consideration of the foregoing, it is now **ORDERED**:

1. Defendant Lister's Motion to Dismiss (Doc. 27) is **PARTIALLY GRANTED** as to Shipman's claims for monetary damages from Lister in his official capacity, and Shipman's request for compensatory and punitive damages. Otherwise, the Motion is **DENIED**.

2. Shipman's request for leave to amend his complaint to add a request for nominal damages, <u>see</u> Response at 6, is **DENIED without prejudice**.

3. Defendant Lister, **no later than September 21, 2018**, must answer or otherwise respond to the Amended Complaint.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of August, 2018.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

sc 8/23
c:
Shavonski Shipman
Counsel of Record

14